**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

U.S. COMMODITY FUTURES
TRADING COMMISSION,

Plaintiff,

vs. Case No. 6:12-cv-1095-31TBS

ALTAMONT GLOBAL PARTNERS LLC,
JOHN G. WILKINS, PHILIP LEON, and
PAUL RANGEL,

Defendants.

---

# CONSENT ORDER FOR PRELIMINARY INJUNCTION

On July 16, 2012, plaintiff U.S. Commodity Futures Trading Commission (Commission) filed a Complaint for Injunctive Relief, Civil Monetary Penalties and Other Equitable Relief (Doc. 2) against defendants Altamont Global Partners LLC (AGP), John G. Wilkins (Wilkins), Philip Leon, and Paul Rangel (collectively, defendants). The Commission alleges that defendants—in connection with their operation of two commodity pools that traded, among other things, commodity futures contracts, options on futures, and off-exchange foreign currency contracts (forex)—misappropriated money received from pool participants, made fraudulent misrepresentations to pool participants and prospective pool participants, and made false statements to the National Futures Association. Consequently, the Commission alleges that defendants have violated various antifraud provisions of the Commodity Exchange Act (Act), 7 U.S.C. §§ 1 *et seq.* (2006 & Supp. III 2009); the Act, as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010 (Dodd-Frank)), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq.* (Act, as amended); and Commission Regulations (Regulations), 17 C.F.R. §§ 1 *et seq.* (2012).

The Commission separately moved the Court, pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. §13a-1, for an *ex parte* statutory restraining order and for the entry of a preliminary injunction (Doc. 5). On July 16, 2012, after considering the Commission's *ex parte* motion for a statutory restraining order and supporting memorandum, declaration, and exhibits filed in support thereof, the Court granted that motion and entered the Order Granting Plaintiff U.S. Commodity Futures Trading Commission's Emergency *Ex Parte* Motion for a Statutory Restraining Order, Preliminary Injunction, and Other Equitable Relief (SRO) (Doc. 8) freezing defendants' assets; ordering defendants to preserve all books, records, and other documents; and granting representatives of the Commission immediate access to such books, records, and other documents. The Court also set a hearing on the Commission's motion for preliminary injunction for July 30, 2012.

Defendants, without admitting or denying the allegations of the Complaint except as to jurisdiction and venue, stipulate and agree to an Order for preliminary injunction containing the terms and conditions set forth below. Defendants enter into this Order voluntarily, and no promise or threat has been made by the Commission, or any member, officer, agent, or representative of the Commission, to induce defendants to consent to this Order.

## I.

## JURISDICTION AND VENUE

**THE PARTIES AGREE AND IT IS HEREBY ORDERED** that:

1. Each defendant has been properly served with a Summons and a copy of the Complaint. This Court has jurisdiction over the parties and over the subject matter of this case. Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, authorizes the Court to enter a preliminary injunction against each defendant. Further, the Commission has jurisdiction over the forex transactions at issue in this case pursuant to Section 2(c)(2) of the Act, 7 U.S.C. § 2(c)(2) (Supp. III 2009).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(e).

## II.

## PROHIBITIONS FROM VIOLATING THE ACT AND REGULATIONS AND FROM ENGAGING IN CERTAIN COMMODITY-RELATED ACTIVITIES

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

Defendants and all corporations, limited liability companies, partnerships, or other entities owned by, controlled by (directly or indirectly), or otherwise affiliated with defendants, including but not limited to The Matterhorn Fund LLC, The McKinley Fund LLC, Midas Management Partners LLC, and Binary Strategy Fund, LLC; all agents, servants, employees, successors, assigns, or attorneys of defendants; and all persons insofar as they are acting in active concert or participation with defendants who receive actual notice of this Order by personal service or otherwise, are hereby prohibited and restrained from directly or indirectly:

1. Engaging in conduct that violates Section 4b(a)(2)(A)-(C) of the Act, as amended, to be codified at 7 U.S.C. § 4b(a)(2)(A)-(C); Section 4o(1) of the Act, 7 U.S.C. § 6o(1) (2006); Section 9(a)(4) of the Act, as amended, to be codified at 7 U.S.C. § 13(a)(4); and Regulation 5.2(b)(1)-(3), 17 C.F.R. § 5.2(b)(1)-(3) (2012).

2. Engaging in any activity relating to the following:

A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, as amended, to be codified at 7 U.S.C. § 1a(40));

B. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2012) (commodity options)), security futures products, and/or forex (as described in Section 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, to be codified at 7 U.S.C. § 2(c)(2)(B) and 2(c)(2)(C)(i), for their own personal or proprietary account or for any account in which they have a direct or indirect interest;

C. having any commodity futures, options on commodity futures, commodity options, security futures products, forex, and/or retail commodity transactions traded on their behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, forex, and/or retail commodity transactions;

E. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, forex, and/or retail commodity transactions;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and

G. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent or other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

**III.**

**THE PARTIES AGREE AND IT IS FURTHER ORDERED** that:

The SRO previously ordered by the Court (Doc. 8) shall remain in full force and effect until further order of this Court. Upon proper motion to this Court, any defendant may seek to modify the asset freeze in Paragraph 11 of the SRO (Doc. 8, ¶ 11) to allow use of proceeds obtained after entry of the SRO and derived from activity not prohibited by the SRO. Further, in response to defendants' obligations to provide certain information, defendants individually invoke their rights against self-incrimination under the Fifth Amendment of the U.S. Constitution.

This Order shall remain in full force and effect until further order of this Court, and this Court retains jurisdiction of this matter for all purposes.

**DONE and ORDERED** in Chambers, Orlando, Florida on August 17, 2012

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record

Unrepresented Party