# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**U.S. COMMODITY FUTURES TRADING COMMISSION,**

        **Plaintiff,**

**v.**                                    **Case No:  6:12-cv-1095-Orl-31TBS**

**ALTAMONT GLOBAL PARTNERS, LLC, JOHN G. WILKINS, PHILIP LEON and PAUL RANGEL,**

        **Defendants.**

_____

# ORDER

This cause comes before the Court on a Motion to appoint receiver (Doc. 45) filed by Plaintiff, U.S. Commodity Futures Trading Commission ("CFTC") and a response (Doc. 49) filed by Defendant, Paul Rangel ("Rangel"). Having filed suit against Defendants for various violations of the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq*., and underlying regulations, 17 C.F.R. §§ 1 *et seq*., the CFTC obtained a Statutory Restraining Order (Doc. 8) from this Court, and now seeks to appoint a receiver—only Defendant Rangel objects.

This Court has "inherent power as a court of equity to order such temporary, ancillary relief in order to preserve the status quo so that an ultimate decision for the Commission could be effective." *Commodity Futures Trading Comm'n v. Muller*, 570 F.2d 1296, 1300 (5th Cir. 1978). The propriety of appointing a receiver in an injunctive action brought by the Commission to enforce the federal securities laws is well settled. *See, e.g., Securities and Exchange Commission v. R. J. Allen & Assocs*., 386 F.Supp. 866, 878 (S.D. Fla.1974) (citing cases). Despite Rangel's

arguments to the contrary,[1] the CFTC presents sufficient evidence to justify the appointment of a receiver. (*See* Doc. 57, and attached exhibits).

It is therefore,

**ORDERED** that Plaintiff's Motion (Doc. 45) is **GRANTED** with respect to Defendant Rangel. Rangel is hereby included in the Court's previous Order Appointing a Receiver (Doc. 50).

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2012.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Rangel argues that the CFTC "should at the very least be required to show that Mr. Rangel participated in the management of AGP coincident with the defrauding conduct." He claims further that there is no evidence that he participated in the fraudulent conduct as he was not a managing member of the offending company and that payments he received at the time were merely "commissions" on investments sold.