# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**U.S. COMMODITY FUTURES TRADING COMMISSION,**

           **Plaintiff,**

**v.**                                         **Case No:  6:12-cv-1095-Orl-31TBS**

**ALTAMONT GLOBAL PARTNERS, LLC, JOHN G. WILKINS, PHILIP LEON, PAUL RANGEL,**

           **Defendants.**

---

# ORDER

This cause comes before the Court on a Motion for Accounting and Recovery of Funds (Doc. 73) filed by the Court appointed Receiver in this case, Mark Silverio; a Response (Doc. 77) filed by Defendant, Paul Rangel ("Rangel"); and a Reply. (Doc. 80). Rangel also filed a Motion to Modify the Asset Freeze (Doc. 77), to which Plaintiff, United States Commodity Futures Trading Commission ("USCFTC") responded (Doc. 81).

This suit was filed on July 16, 2012, asserting several claims for violation of, *inter alia*, various antifraud provisions of the Commodity Exchange Act, 7 U.S.C. §§ 1, *et. seq.* The same day, Plaintiff filed an ex parte motion for preliminary injunction to freeze Defendants' assets. (Doc. 5)—which was granted. (Doc. 8). Recently it came to the attention of the Receiver that Defendant Rangel transferred $25,000.00 to his attorneys shorty before the Court ordered the asset freeze. On April 17, 2013, the Receiver filed a motion for accounting and recovery of those funds.

(Doc. 73). Rangel opposes the Motion and seeks a modification of the freeze so he can pay his attorneys. (Doc. 77).

## I.      Standard

Pursuant to § 13 of the Federal Trade Commission Act, 15 U.S.C. § 53(b), a district court has the authority to temporarily freeze personal assets as an incident to its express statutory authority to issue a permanent injunction. *F.T.C. v. U.S. Oil & Gas Corp.,* 748 F.2d 1431, 1432 (11th Cir. 1984) (per curiam); *See also F.T.C. v. Gem Merchandising Corp.,* 87 F.3d 466, 469 (11th Cir. 1996). As a corollary to that authority, a court may also release or lower the amount of assets frozen. *See S.E.C. v. Duclaud Gonzalez de Castilla,* 170 F. Supp. 2d 427, 429 (S.D.N.Y. 2001) (recognizing the authority of the court to freeze assets in the context of securities litigation). A court may also, in its discretion, forbid or limit payment of living expenses or attorney fees out of frozen assets. *See United States v. Monsanto,* 491 U.S. 600, 109 S. Ct. 2657, 105 L. Ed.2d 512 (1989); *Caplan v. Drysdale, Chartered v. United States,* 491 U.S. 617, 109 S. Ct. 2646, 105 L. Ed.2d 528 (1989); *Commodity Futures Trading Commission v. Noble Metals International, Inc.,* 67 F.3d 766, 775 (9th Cir. 1995) (discussing the reasonableness of attorney fees in an action brought by the FTC alleging deceptive trade practices against a seller of advertising specialty items and its president). If the frozen assets fall short of the amount needed to compensate consumers for their losses, however, a court is within its discretion to deny an application for living expenses and attorney fees. *See Noble Metals,* 67 F.3d at 775.  While parties generally may spend their resources as they see fit to retain counsel, they may not use their victims' assets to hire counsel to help them retain the fruits of their violations. *See generally S.E.C. v. Quinn,* 997 F.2d 287, 289 (7th Cir. 1993). *See also S.E.C. v. ETS Payphones, Inc.,* 408 F.3d 727, 734 (11th Cir.

2005); *F.T.C. v. RCA Credit Servs., LLC*, 8:08-CV-2062-T27MAP, 2008 WL 5428039 (M.D. Fla. Dec. 31, 2008).

## II.      Discussion

Rangel's potential liability in this case exceeds $800,000.00 according to the USCFTC, yet only $317.62 of Rangel's frozen assets are currently in the Receiver's possession. Shortly before this Court froze his assets, Rangel disposed of approximately $233,000.00 including the $25,000.00 sent to his attorney (the "Retainer"). Releasing the entire $25,000.00 to defense counsel at this point is premature given the discrepancy between the assets currently in possession of the Receiver and Rangel's potential liability. Some consideration must be given, however, to Rangel's interest in retaining counsel to defend him in this matter. It is therefore,

**ORDERED** that the Motions (Docs. 73 and 77) are **GRANTED in part and DENIED in part.** The asset freeze at Doc. 8 is modified as follows: of the $25,000.00 held in trust by defense counsel, $20,000.00 shall remain subject to the freeze order and held in trust until otherwise ordered by this Court; the freeze is lifted with respect to the remaining $5,000, which may be used to offset the costs of representation by defense counsel.

**DONE** and **ORDERED** in Orlando, Florida on June 12, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties