UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. COMMODITY FUTURES
TRADING COMMISSION,

           Plaintiff,

-vs-

CASE NO. 6:12-cv-1095-31TBS

ALTAMONT GLOBAL PARTNERS, LLC,
JOHN G. WILKINS, PHILIP LEON and
PAUL RANGEL,

           Defendants.

_____/

## RECEIVER'S PLAN OF FINAL DISTRIBUTION AND
## MOTION TO CLOSE RECEIVERSHIP AND DISCHARGE RECEIVER

      MARK V. SILVERIO, the court-appointed Receiver (hereinafter Receiver) for Altamont

Global Partners, LLC (AGP), John G. Wilkins (Wilkins), Philip Leon (Leon) and Paul Rangel

(Rangel), as well as any d/b/a, successor, affiliate, subsidiary, or other entity owned, controlled,

managed or held by, on behalf of, or for the benefit of any of the Defendants, including, but not

limited to: The Matterhorn Fund, LLC (Matterhorn), The McKinley Fund, LLC (McKinley),

Midas Management Partners, LLC, and Binary One Strategy Fund, LLC (collectively,

Receivership Entities) hereby files his Plan of Final Distribution and his Motion to Close the

Receivership and Discharge Receiver, and states:

## I. JURISDICTION

      1.     The Court has jurisdiction over the parties and subject matter of this action pursuant

to Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (2002).

Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

Case No. 6:12-cv-1095-31TBS

2.      The Court also has jurisdiction over this Plan pursuant to the Orders Appointing Receiver, dated October 2 and 15, 2012, which provides that the Receiver "take exclusive custody, control, and possession of all the funds...and assets... of the Receivership Entities and perform all acts necessary or advisable to assure the distribution of the assets of the Receivership Entities in an equitable fashion to the investors in a prompt and efficient manner and to make distributions to the rightful Claimants".

3.      Matterhorn, McKinley, Midas Management Partners, LLC and Binary One Strategy Fund, LLC are referred to hereinafter as the "Altamont Pools".

## II. STATEMENT OF THE CASE

On July 16, 2012, U.S. Commodity Futures Trading Commission (CFTC) filed its complaint against Defendants, (Wilkins), (Leon) and (Rangel) seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1, et seq. (2006 & Supp. Ill 2009); the Act, as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010 ("Dodd-Frank")), §§ 701-774, 124 Stat. 1376 (enacted July 21, 2010), 7 U.S.C. §§ 1 et seq. (2012) (Act, as amended) and Commission Regulations ("Regulations"), 17 C.F.R. §§ 1 et seq. (2012).

This Court entered an ex parte statutory restraining order against Defendants on July 16, 2012 and a Consent Order for Preliminary Injunction against them on August 17, 2012. (Doc. 8). In Orders dated October 2 and 15, 2012, the Court appointed Florida attorney Mark V. Silverio as Receiver for the Receivership Entities.

2

Beginning in approximately March of 2009 and continuing through at least June 22, 2012, Defendants orchestrated a fraudulent scheme, which induced approximately 240 participants to invest approximately $18 million in the Altamont Pools operated by Defendants, in violation of the Act and Regulations. The CFTC's complaint sought to enjoin Defendants' unlawful acts and practices and to compel compliance with the Act and Regulations. The complaint also sought restitution, disgorgement, civil monetary penalties, and other ancillary equitable relief.

On July 17, 2012, the complaint was served on AGP and Wilkins. Pursuant to Fed.R.Civ.P. 12(a)(1)(A)(i), their responses were due on or before August 7, 2012. These Defendants did not respond to the Complaint and on August 22, 2012, the CFTC applied for Clerk's defaults which were entered against AGP and Wilkins on August 23, 2012.

The United States charged Wilkins and Leon with attempt and conspiracy to commit mail fraud. Wilkins and Leon entered pleas of guilty and were sentenced to prison terms. According to Wilkins' plea agreement, the total amount Defendants unlawfully obtained from investors, less amounts paid back to investors was $16,805,047.81.

On December 17, 2013, the Court entered Consent Orders for permanent injunctions, civil monetary penalties and other equitable relief against Leon and Rangel. These consent decrees granted injunctive and monetary relief against these individuals, including the imposition of disgorgement obligations and civil monetary penalties. Leon agreed to disgorge $1,598,343 and to pay a civil monetary penalty of $4 million. Rangel agreed to disgorge $819,781.07 and to pay a civil monetary penalty of $1.7 million. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the CFTC filed a motion for entry of default judgment, a permanent injunction, civil monetary penalties and equitable relief against AGP and Wilkins.

The U.S. Magistrate, Thomas B. Smith, filed a Report and Recommendation recommending that the motion be granted against AGP and Wilkins and that all relief requested by the CFTC be allowed. A default was entered. The Court issued a permanent injunction against AGP and Wilkins, ordered AGP to disgorge 10,969,843, and ordered Wilkens to disgorge $1,214,902 and pay a civil monetary penalty of $3,644,706.

### III. DEFINITION OF ALLOWED CLAIMANT

"Allowed Claimant", as is sometimes used herein, is defined and shall include an investor who invested and lost money in the Altamont Pools and whose claim has been allowed by the Receiver. "Claim" or "Allowed Claim", as is sometime used herein, is defined as a right to payment for losses incurred by investments into the Altamont Pools.

### IV. PRIOR DISTRIBUTIONS

The Receiver made distributions of receivership funds in the following amounts:

      (i)     $4,800,260.98 in May, 2014

      (ii)    $254,805.72 in September, 2015

      (iii)   $204,387.28 in January, 2018

      (iv)   $71,867.43 in November 2020

The total amount distributed was $5,331,321.41. All plans of distributions were approved by order of this Court.

### V. UPDATE ON FINAL DISTRIBUTION & REMAINING FUNDS

1.     The Distributable Receivership Assets for the final distribution, which was made in November 2020, was $71,867.43.

2.     Distributions were made by check to Allowed Claimants.

4

3.      After this final distribution, there remains $10,471.52 in the receivership account.

4.      Expenses of the receivership have been paid from the receivership funds. The Receiver will file a motion for payment of his fees and reimbursement of his expenses, and will seek court approval of same.

5.      Following payment of final receivership fees and expenses, the receivership account should be fully liquidated and closed out. Because the amount of remaining receivership funds is of a de minimus nature, such that Receiver has determined that making an additional distribution to defrauded customers is impractical, the Receiver proposes to treat all remaining funds in the Receivership account (less any approved fees and costs to be paid to him) as civil monetary penalty payments, equally apportioned among the civil monetary penalty obligations of defendants Wilkins, Leon, and Rangel, which the Receiver shall forward to the CFTC following the instructions for the civil monetary penalty obligations set forth below[1]:

MMAC/ESC/AMK326
Commodity Futures Trading Commission
Division of Enforcement
6500 S. MacArthur Blvd.
HQ Room 181
Oklahoma City, OK 73169
(405) 954-6569 office
(405) 954-1620 fax
9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Receiver shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those

---

[1] This process is consistent with how the Court handled payment of civil monetary penalties in the July 8, 2014 Second Amended Final Default Judgment with Permanent Injunction, DE 125 (at 6-7); the December 17, 2013 Consent Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Paul Rangel, DE 92 (at 21-22); and the December 17, 2013 Consent Order for Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief Against Philip Leon, DE 91 (at 21-22).

instructions. Receiver shall accompany payment of the civil monetary penalties with a cover letter that identifies defendants Wilkins, Leon, and Rangel, as well as the name and docket number of this proceeding. Receiver shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581 and to Deputy Director, Charles Marvine, Commodity Futures Trading Commission, Division of Enforcement, 2600 Grand Boulevard, Suite 210, Kansas City, MO 64108.

## VI.  MOTION TO CLOSE RECEIVERSHIP AND DISCHARGE RECEIVER

After eight (8) years and four (4) distributions to the investors totaling $5,331,321.41, it is time to close this receivership and discharge the Receiver because the remaining receivership funds are de minimus, and it is unlikely Receiver will be able to recover any more funds from the defendants.

Accordingly, Receiver has filed his motion for final fees and costs and has submitted orders on said motion and on this motion to close the receivership and discharge him as the Receiver.

The Receiver thanks the Court and the U.S. Commodity Futures Trading Commission for allowing him to serve as Receiver in this case.

DATED this ____ **2o** ____ day of May, 2021.

MARK V. SILVERIO, RECEIVER
255 Eighth Street South
Naples, Florida 34102-6123
Telephone:    (239)649-1001
Facsimile:    (239)649-1972

_____
Mark V. Silverio, Receiver
Florida Bar No. 150430

6

Case No. 6:12-cv-1095-31TBS

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that, on this __2ᵈ__ day of May 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CD/ECF or in some other authorized manner to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

MARK V. SILVERIO, RECEIVER
255 Eighth Street South
Naples, Florida 34102-6123
Telephone:     (239)649-1001
Facsimile:     (239)649-1972

Mark V. Silverio, Receiver
Florida Bar No. 150430

### ATTORNEY SERVICE LIST

Rachel A. Hayes, Esq.
Senior Trial Attorney
Division of Enforcement
U.S. Commodity Futures Trading Commission
2600 Grand Boulevard, Suite 210
Kansas City, MO 64108
Email: rhayes@cftc.gov

7